UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

KEMAR MCGREGOR, et al.,

Plaintiffs,

-against-

WARNER MUSIC GROUP, et al.,

Defendants.

-----------------------------------x

**MEMORANDUM & ORDER**
24-CV-1520 (EK)(TAM)

ERIC KOMITEE, United States District Judge:

Before the Court are three motions to dismiss, brought separately by three groups of defendants.[1] The Court referred those motions to Magistrate Judge Merkl for a Report and Recommendation ("R&R"). *See* docket order dated April 17, 2026. Judge Merkl recommends that the Court grant all three motions. Plaintiff Kemar McGregor timely filed objections. *See* ECF No. 131. Plaintiffs Stephan Warren and Rogier Sjardijn did not file objections.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] The first group of defendants is comprised of Fox Rothschild, LLP and Alex Threadgold. They move to dismiss at ECF No. 117. The second group of defendants is comprised of Daniel J. Aaron and Daniel J. Aaron, P.C. They move to dismiss at ECF No. 122. The third group of defendants is comprised of Warner Music Group Corp., V.P. Music Group, Inc., V.P. Records of Florida, Inc., STB Music Inc., Greensleeves Publishing Ltd., Christopher Chin, Vincent D. Chin, Dorothy Patricia Chin, John McQueeney, and Jessica Weiner. They move to dismiss at ECF No. 126.

magistrate judge." 28 U.S.C. § 636(b)(1)(c). The district court reviews *de novo* those portions of an R&R to which a party has specifically objected. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013), *aff'd*, 578 F. App'x 51 (2d Cir. 2014) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion.").[2] Where "no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

I have considered McGregor's objections and find them to be without merit. "A proper objection must be specific," *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025), and McGregor does not identify any specific law that Judge Merkl misapplied or erroneous factual finding that she recommends.

As for the portions of the R&R to which no party objects, I have reviewed the record and find no clear error. Accordingly, I adopt the R&R in its entirety. Thus, defendants'

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

motions to dismiss are granted. The complaint is dismissed with prejudice as to McGregor. If Warren and Sjardijn wish to amend the complaint, they must do so within twenty-eight days. If they decline to amend, the Court will direct the Clerk of Court to enter judgment and close the case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 29, 2022
Brooklyn, New York